UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

LARYSSA ZALISKO,                         :

        Plaintiff,                    :     10 Civ. 0217 (DLC) (AJP)

     -against-                         :     **OPINION AND ORDER**

MTA NEW YORK CITY TRANSIT, et al.,       :

        Defendants.                   :

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: 8/12/10

**ANDREW J. PECK, United States Magistrate Judge:**

        This Court's Order for Settlement Conference required the parties to advise the Court of their settlement range and that "Counsel attending the conference must have full settlement authority and their client(s) must be present at the conference." (Dkt. No. 12: 6/11/10 Order.)

        Defense counsel did not advise the Court in her settlement memorandum that the MTA was taking an unequivocal "no pay" position. That came out only some 45 minutes into the conference. Nor did defense counsel have "full authority" – indeed, she told me she was given no authority by her supervisors. Finally, no client representative was present from the MTA.

        The Court has no problem with a defendant taking a "no pay" position. That is a defendant's right. The problem is wasting court resources (and also the time of plaintiff and her

counsel, who were present at the conference). Had the MTA told me it had considered the case and was unequivocally at a "no pay" position, I would have cancelled the conference.

Accordingly, pursuant to Fed. R. Civ. P. 16 and 37 and the Court's inherent authority, the MTA is to pay $1,000 to the Clerk of Court as a sanction by August 19, 2010, and provide proof of payment to my chambers that day.[1]  (Filing of objections to Judge Cote would not stay the obligation to pay by August 19 2010.)  See, e.g., Dan River Inc. v. Crown Crafts, Inc., 98 Civ. 3178, 1999 WL 287327 at *2 (S.D.N.Y. May 7, 1999) (Peck, M.J.) (& cases cited therein); see also, e.g., Kerestan v. Merck & Co. Long Term Disability Plan, 05 Civ. 3469, 2008 WL 2627974 at *1 (S.D.N.Y. July 2, 2008) (Peck, M.J.) (& cases cited therein).

SO ORDERED.

Dated:    New York, New York
          August 12, 2010

_____
Andrew J. Peck
United States Magistrate Judge

Copies **by fax & ECF** to:   Alan D. Levine, Esq.
                              S. Zoe Hamler, Esq.
                              Judge Denise L. Cote

---

[1] To the extent a hearing might be required by Second Circuit precedent, defense counsel stated that she did not wish such a hearing.